IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,190-02






EX PARTE ANDREW JOSEPH LEWIS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 63181-A IN THE 252
ND DISTRICT COURT


FROM JEFFERSON COUNTY





 

 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of unauthorized use
of a motor vehicle and sentenced to ten years' imprisonment. He did not appeal his conviction.

 Applicant contends that after he was released on mandatory supervision, the Texas Board of
Pardons and Paroles held a revocation hearing and voted to send Applicant to an Intermediate
Sanction Facility (ISF). He contends that he was sent to an ISF, but that shortly thereafter the Board
revoked his mandatory supervision without holding a hearing.

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1997), the trial court is the appropriate forum for findings of fact. Accordingly, the trial court
shall order affidavits from the Texas Board of Pardons and Paroles. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall then make findings of fact as to whether the Texas Board of Pardons and
Paroles held a revocation hearing after Applicant was sent to an ISF. Ex parte Catham, 59 S.W.3d
677 (Tex. Crim. App. 2001). The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: January 10, 2007

Do not publish